**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re

William S. Himmelstoss

                    CHAPTER    13
                    CASE NO.    6:14-bk-02715-CCJ

      Debtor(s)
_____/

## OBJECTION BY FREEDOM ROAD FINANCIAL C/O CRG-920016 TO CONFIRMATION OF CHAPTER 13 PLAN FILED BY THE DEBTOR(S)

FREEDOM ROAD FINANCIAL C/O CRG-920016 ("Creditor"), by the undersigned attorneys, objects to confirmation of the Plan ("Plan") as proposed by the Debtor(s) and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provision(s) to which this Objection is directed. In support of this Objection, the Creditor states as follows:

      1.      For value received, the Debtor(s) executed and delivered an installment sales contract ("Contract") as evidence of indebtedness to Creditor. Said indebtedness is secured by property more particularly described in the Contract as: 2011 TRIUMPH 675 / VIN#: SMTD00NS88J454037 ("Collateral"). Reasons for objection: See Below

### Proposed Valuation of Collateral In An Insufficient Amount

      2.      The Plan provides for a valuation/determination of the secured status of Creditor's claim in an amount less than the full balance owing to the Creditor.
      3.      The proposed valuation set forth in the Plan does not accurately reflect the replacement value of the Collateral as of the date of the filing of the petition, which, pursuant to 11 U.S.C. §506(a)(2), is deemed to be the "...price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined."
      4.      The Chapter 13 Plan does not meet the requirements of 11 U.S.C. §1325 (a)(1) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C. §361.

### Failure To Pay Interest Or Pay Appropriate Interest On Secured Claim

      5.      Creditor has filed a secured claim and seeks the payment of interest on such claim.
      6.      The Plan does not provide for payment of interest on such secured claim in an amount consistent with <u>Till</u>.
      7.      Therefore, the Debtors' proposed Chapter 13 Plan does not meet the requirements of 11 U.S.C. §1323(a)(5). In addition, the Plan fails to comply with 11 U.S.C. §1325 (a)(1) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C. §361.

### Failure to Provide for Equal Monthly Payments

      8.      The Plan fails to provide for equal monthly payments to the secured creditor pursuant to 11 U.S.C § 1325 (a)(5)(B)(ii)..

      9.      Creditor will withdraw this Objection in the event that the Plan is amended to conform to the Creditor's proof of claim or otherwise satisfactorily address the issue(s) raised in this Objection.

WHEREFORE, Creditor prays for the entry of an appropriate order denying confirmation with respect to the Plan as proposed and any future Plan(s) filed by the Debtor(s) to the extent that such Plan or Plans contain the provisions to which this Objection is directed.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmariani@kasslaw.com
Florida Bar No. 69883

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on April 21, 2014, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to:  William S. Himmelstoss, 1037 Nash Drive, Celebration, FL 34747; Joshua J. Tejes, Esq., 1340 Lake Baldwin Lane, Orlando, FL 32814; Laurie K. Weatherford, Trustee, P.O. Box 3450, Winter Park, FL 32790.

## Rule 7005-3

## SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Nicole Mariani Noel
Nicole Mariani Noel (x1343)

1448258/emp