## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re

William S. Himmelstoss

CHAPTER    13
CASE NO.    6:14-bk-02715-CCJ

Debtor(s)

_____/

## AMENDED OBJECTION BY FREEDOM ROAD FINANCIAL C/O CRG-920016 TO CONFIRMATION
## OF CHAPTER 13 PLAN FILED BY THE DEBTOR(S)

FREEDOM ROAD FINANCIAL C/O CRG-920016 ("Creditor"), by the undersigned attorneys, objects to confirmation of the Plan ("Plan") as proposed by the Debtor and any future Plan(s) filed by the Debtor to the extent that such Plan or Plans contain the provision(s) to which this Objection is directed.  In support of this Objection, the Creditor states as follows:

1.      For value received, the Debtor executed and delivered an installment sales contract ("Contract") as evidence of indebtedness to Creditor.  Said indebtedness is secured by property more particularly described in the Contract as: 2011 TRIUMPH 675 / VIN#: SMTD00NS88J454037 ("Collateral"). Reasons for objection: See Below

### Failure To Pay Interest Or Pay Appropriate Interest On Secured Claim

2.      Creditor has filed a secured claim and seeks the payment of interest on such claim.
3.      The Plan does not provide for payment of interest on such secured claim in an amount consistent with Till.
4.      Therefore, the Debtors' proposed Chapter 13 Plan does not meet the requirements of 11 U.S.C. §1323(a)(5).  In addition, the Plan fails to comply with 11 U.S.C. §1325 (a)(1) in that it does not provide adequate protection for Creditor' s interest pursuant to 11 U.S.C. §361.

### Failure to Provide for Equal Monthly Payments

5.      The Plan fails to provide for equal monthly payments to the secured creditor pursuant to 11 U.S.C § 1325 (a)(5)(B)(ii).

### Failure to Provide Adequate Protection to Creditor

6.      Debtor's Plan proposes to begin payments to Creditor in month 24 of the Plan. Creditor objects to same and requests that payments begin from month 1.
7.      Further, Creditor objects to the payment of Debtor's Attorney fees prior to payments beginning on Creditor's Claim.

8.      The Plan fails to comply with 11 U.S.C. §1325 (a)(1) in that it does not provide adequate protection for Creditor's interest pursuant to 11 U.S.C. §361.

9.      Creditor will withdraw this Objection in the event that the Plan is amended to conform to the Creditor's proof of claim or otherwise satisfactorily address the issue(s) raised in this Objection.

WHEREFORE, Creditor prays for the entry of an appropriate order denying confirmation with respect to the Plan as proposed and any future Plan(s) filed by the Debtor to the extent that such Plan or Plans contain the provisions to which this Objection is directed.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmariani@kasslaw.com
Florida Bar No. 69883

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on July 23, 2014, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to: William S. Himmelstoss, 1037 Nash Drive, Celebration, FL 34747; Joshua J. Tejes, Esq., 1340 Lake Baldwin Lane, Orlando, FL 32814; Laurie K. Weatherford, Trustee, P.O. Box 3450, Winter Park, FL 32790.

## Rule 7005-3

## SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Nicole Mariani Noel
Nicole Mariani Noel (x1343)

1448258/emp